UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICK STROTHER,

    Plaintiff,

v.                                                          Case No: 8:19-cv-1365-T-36AAS

ANDREW SAUL, Commissioner,
Social Security Administration,

    Defendant.
_____/

## **ORDER**

This matter comes before the Court on Plaintiff Rick Strother's Complaint for review of the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for benefits. Doc. 1. Magistrate Judge Amanda Sansone submitted a Report and Recommendation ("R&R"), recommending that the Court reverse and remand the Commissioner's decision. Doc. 28. The Commissioner filed objections to the R&R (Doc. 29) (the "Objection"), and Plaintiff filed a response to the Objection (Doc. 30).

In the R&R, the Magistrate Judge recommends that the Court reverse and remand the Commissioner's decision that the Plaintiff is not disabled because the Commissioner's decision is not supported by substantial evidence, the Administrative Law Judge ("ALJ") failed to resolve apparent conflicts in the testimony of the vocational expert and the Dictionary of Occupational Titles ("DOT"), and the ALJ failed to properly consider and weigh the medical evidence. Doc. 28. On remand, the R&R also concludes the ALJ should reconsider the opinion of Dr. Hirshorn regarding Plaintiff's lower limb impairment and whether Plaintiff's back pain and limb fracture amounted to severe impairments at step two. *Id.* In the Objection, the Commissioner contends

substantial evidence supports the ALJ's decision and argues the ALJ did not commit reversible error. Doc. 29. Plaintiff responds, arguing the Magistrate Judge's recommendations are correct, and requests this Court adopt the R&R. Doc. 30.

After careful consideration of the Commissioner's Objection, Plaintiff's response, the Report and Recommendation of the Magistrate Judge, in conjunction with an independent *de novo* review of the record, the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved, except to the extent noted below, and the decision of the Commissioner will be reversed and remanded.

**I.      BACKGROUND**

On December 7, 2016, Plaintiff filed an application for a period of disability and disability insurance benefits.[1] R. 545, 420. He alleges he became disabled in January 2010 due to "Bipolar I, ADHD, schizoaffective disorder, steel plate in his right leg, tonsils removed at young age, allergies." R. 420–21. The alleged onset date was amended to February 11, 2014. R. 46. The claims were denied on May 9, 2017 and denied again on reconsideration on April 9, 2018. R. 449. On November 7, 2018, Plaintiff and an impartial vocational expert ("VE") testified at a hearing before Administrative Law Judge Elvin Torres. R. 42–69. On December 19, 2018, the ALJ issued a written decision finding that Plaintiff has the severe impairments of bipolar disorder, unspecified personality disorder, and attention deficit hyperactivity disorder ("ADHD"). R. 21.

In his decision, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform "a full range of work at all extertional levels." R. 23. However, the ALJ found the following non-exertional limitations: Plaintiff "is limited to understanding and carrying out no

---

[1] Plaintiff previously filed for benefits in February 2012, alleging an onset date of August 31, 2009. An ALJ issued an unfavorable decision on February 10, 2014, which was affirmed on appeal. R. 395–404; 434–47.

more than simple, routine, repetitive unskilled tasks with basic decision-making, and adjustment to simple changes in the work setting, and having occasional interaction with others." *Id.* Additionally, Plaintiff must avoid extreme heat. *Id.*

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence of record. R. 24.  The ALJ utilized VE testimony at steps four and five. R. 33–34. With the assistance of the VE, the ALJ found that Plaintiff could perform past relevant work as a houseman/cleaner. R. 33.  The ALJ made an alternative step-five finding that there are other jobs existing in the national economy that Plaintiff could perform considering Plaintiff's age, education, work experience, and RFC, in conjunction with the Medical-Vocational Guidelines. R. 33–34. Based on these findings, the ALJ found Plaintiff was not disabled. R. 35.  On April 10, 2019, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision final.  R. 1–6.

Plaintiff seeks review of the Commissioner's final decision. Doc. 1.  The parties submitted a Joint Memorandum.  Doc. 26.  On April 27, 2020, the Magistrate Judge issued an R&R recommending that the Commissioner's decision be reversed. Doc. 28. Relevant to the appeal, the Magistrate Judge found the ALJ failed to resolve inconsistencies between the VE's testimony and the DOT (Doc. 28 at 5–9) and failed to state the weight assigned to Dr. Kelly A. Gorman (Doc. 28 at 10–11).[2]  The Commissioner filed the Objection to the R&R (Doc. 29), to which the Plaintiff responded in opposition (Doc. 30).

---

[2] Plaintiff also claimed error in the ALJ's handling of the medical opinions of treating physician Dr. Gimon and state agency consultants Dr. Thibodeau and Dr. Hirshorn. Doc. 26 at 35–39. The Magistrate Judge found the ALJ properly considered and weighed Dr. Thibodeau's opinion and articulated adequate reasons for giving little weight to Dr. Gimon's opinions. Doc. 28 at 11–14. Regarding Dr. Hirshorn, the Magistrate Judge concluded that on remand the ALJ should consider Dr. Hirshorn's opinion that Plaintiff's lower limb impairment is severe. *Id.* at 12. Plaintiff appealed

At the administrative hearing before the ALJ, Plaintiff testified he works part-time doing building maintenance for a grocery store. R. 48. His prior work included working as a host at a restaurant, apartment maintenance/houseman for time share companies, and driving a van for an amusement park. R. 49–52.

He testified he suffers from PTSD, ongoing social phobia, elevated bipolar 1, and high anxiety. R. 54. His anxiety has gotten worse with a fear of people killing him. R. 53. He has difficulty sleeping and has had several nervous breakdowns and suicide attempts. *Id.* He has decreased his work because of problems with concentration. *Id.*

Upon questioning by his counsel, Plaintiff testified he has a terrible memory and racing thoughts. R. 58. He only sleeps three to four hours per night. *Id.* He avoids confrontation with people. He is nervous, and has difficulty concentrating. R. 59. He is afraid to be around people for fear they are going to hurt him. *Id.* Dr. Gimon told him he has agora social phobia and that his conditions are getting worse. R. 60. Plaintiff can follow simple instructions, but sometimes has difficulty understanding. *Id.*

Dr. Vonnie Ross, a VE, testified at the hearing. The VE classified Plaintiff's past work as a host to be more akin to a waiter, which is light exertional work. R. 64. The VE classified the maintenance worker position as a construction worker 1, which the VE described as a "jack of all trades." *Id.* The maintenance position Plaintiff did as a houseman/cleaner is heavy exertional. The van driver position is medium exertional. *Id.* The ALJ posed the following hypothetical question to the VE:

> If a hypothetical individual that is not limited to all levels of exertion, but is limited to understanding and carrying out no more than simple routine *sedentary* unskilled tasks with occasional decision making, occasional

---

the ALJ's failure at step two to find his back problems and lower limb fracture to be severe impairments, which the Magistrate Judge also recommended should be reconsidered upon remand.

4

> changes in the work setting and occasional interaction with others and avoidance of extreme heat temperature, with those premises could such a hypothetical person [perform] any of the claimant's past occupations as actual (sic) performed or as generally performed in the economy?

Tr. 65 (emphasis added). In response, the VE testified that Plaintiff's past relevant work as a houseman, which is basically a cleaner, would be a job the hypothetical individual could perform. R. 65. The job of houseman/cleaner is considered heavy exertional under the DOT. *See* DOT #323.687-018 Housecleaner (Strength: Heavy Work).[3] Yet, the hypothetical question limited the individual to "sedentary" work,[4] which eliminates light, medium, or heavy exertional positions.

When asked about other jobs available in the national economy given the same hypothetical question posed, the VE identified hand packer, assembler, and machine tender, all of which are medium exertional positions. R. 65–66. If the hypothetical individual would be off task for twenty percent of the day, the individual would not be able to maintain employment. R. 66. The VE testified her opinions are consistent with the DOT except for the off-task opinion, which is based on the VE's experience. R. 66.

## II.     LEGAL STANDARD

### A.     Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate

---

[3] STRENGTH: Heavy Work - Exerting 50 to 100 pounds of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) and/or 10 to 20 pounds of force constantly (Constantly: activity or condition exists 2/3 or more of the time) to move objects. Physical demand requirements are in excess of those for Medium Work. HOUSECLEANER, DICOT 323.687-018.
[4] The Regulations define "sedentary work" as work "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

judge. The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### B. Review of the Commissioner's Decision

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted). Where the Commissioner's decision is supported by substantial evidence, the Court must affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. 42 U.S.C. § 405(g); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) ("If the Commissioner's decision is supported by substantial evidence, we must affirm, even if the proof preponderates against it."). The reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its own] judgment for that of the [Commissioner]." *Id.*

### C. An ALJ's Five-Step Disability Analysis

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 C.F.R. § 416.920(a)(4). The Eleventh Circuit has explained this process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove

6

>that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The plaintiff has the burden of proof on the first four steps; the Commissioner carries the burden on the fifth step. *Wright v. Comm'r of Soc. Sec.*, 327 F. App'x 135, 136-37 (11th Cir. 2009). If it is determined at any step in the analysis that the claimant is disabled or not disabled, the evaluation does not proceed. See 20 C.F.R. § 416.920(a)(4).

## III.   DISCUSSION

### A.   VE Testimony and the DOT

In the R&R, the Magistrate Judge found error in the ALJ's failure to resolve apparent conflicts between the VE testimony and the DOT. Additionally, the Magistrate Judge found that the hypothetical question posed to the VE failed to include all limitations referenced in the RFC. In the Objection, the Commissioner argues there was no error because the ALJ was permitted to rely on an independent review of the DOT in reaching his step four finding that Plaintiff can perform his past relevant work as a houseman/cleaner. Because the ALJ was not obligated to use VE testimony at step four and because the ALJ did not exclusively rely on the VE testimony, the Commissioner urges any error in the hypothetical question posed to the VE is, at most, harmless. The Commissioner also argues that the R&R fails to acknowledge that it was Plaintiff's burden at step four to show he was incapable of performing his past relevant work.

It is undisputed that there was error in the hypothetical question. The hypothetical question included a limitation for sedentary work and the position identified by the VE was as a houseman/cleaner, which is a heavy exertional position. Notwithstanding the VE's testimony that her opinion is consistent with the DOT, it was not, and a conflict existed.

The Commissioner responds that the error in the hypothetical question was harmless because the ALJ was not required to obtain VE testimony at step four and he relied upon an independent review of the DOT to reach his conclusion that Plaintiff could perform his past relevant work. However, the ALJ engaged the assistance of the VE at steps four and five. Review of the decision reveals the ALJ specifically relies on the VE, citing to the VE's testimony that the hypothetical individual would be able to perform the past relevant work of a houseman/cleaner. R. 33. The VE's testimony conflicted with the DOT because a houseman/cleaner is a heavy exertional position and the hypothetical question limited the individual to sedentary work. The ALJ failed to resolve this conflict.

Social Security Ruling (SSR) 00-4P clarifies the standards for use of VEs who provide testimony at administrative hearings. SSR 00-4P instructs that "before relying on VE . . . evidence to support a disability determination or decision, [ALJs] must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs . . . and information in the [DOT]." *Policy Interpretation Ruling: Titles II & XVI: Use of Vocational Expert & Vocational Specialist Evidence, & Other Reliable Occupational Info. in Disability Decisions*, SSR 00-4P, 2000 WL 1898704, at *1 (S.S.A. Dec. 4, 2000).[5]  The ALJ is obligated to explain in the

---

[5] The Eleventh Circuit has stated that "Social Security Rulings are agency rulings published under the Commissioner's authority and are binding on all components of the Administration. Even though the rulings are not binding on us, we should nonetheless accord the rulings great respect and deference...." *Klawinski v. Comm'r of Soc. Sec.*, 391 F. App'x 772, 775 (11th Cir. 2010) (unpublished) (citations omitted).

decision "how any conflict that has been identified was resolved." *Id.* Although the Commissioner contends that the ALJ was not obligated to use VE testimony at step four, the fact is he did. SSR 00-4P's requirements for an ALJ to resolve conflicts between the DOT and VE testimony are not limited to a step five finding.[6] *See id.* (explaining that VEs are used at steps four and five). And, in relying on VE testimony at step four, as the ALJ did here, he was obliged to identify and obtain a reasonable explanation for any conflicts between the VE's testimony and the DOT and explain in the decision how that conflict was resolved.

Further, as noted in the R&R, the hypothetical question posed did not include all the limitations contained in the RFC. The RFC limited Plaintiff to "understanding and carrying out no more than simple, routine, *repetitive* unskilled tasks with *basic* decision-making." R. 23 (emphasis added). The hypothetical question to the VE did not include a limitation for repetitive tasks. Additionally, the hypothetical included "occasional" decision making, whereas the RFC limited Plaintiff to "basic" decision making." The RFC limited Plaintiff to "simple changes in the work setting." The hypothetical question referenced occasional changes. When the ALJ utilizes the testimony of a VE, the ALJ must pose a hypothetical question which comprises all the claimant's impairments for a VE's testimony to constitute substantial evidence. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). The hypothetical did not do so here as discussed in the R&R. The Commissioner does not address in the Objection this additional finding in the R&R.

---

[6] The Commissioner's argument that the Magistrate Judge incorrectly relied on *Washington v. Commissioner of Social Security*, 906 F.3d 1353 (11th Cir. 2018) is unpersuasive. SSR 00-4P requires that an adjudicator, when relying on VE testimony as the ALJ did here, "*must*: Identify and obtain a reasonable explanation for any conflicts . . . and Explain . . . how any conflict that was identified was resolved." SSR 00-4P, 2000 WL 1898704, at *1 (emphasis added). The Regulations do not limit this obligation to step five.

The Commissioner is correct that Plaintiff bears the burden at step four. *See Doughty* 245 F.3d at 1278. But substantial evidence must still support the ALJ's step four finding, and on this hearing record, it does not. While the ALJ asked the question to the VE if his testimony was consistent with the DOT, it is clear from review of the transcript that there was a conflict, notwithstanding the VE's testimony to the contrary. The VE's testimony that a person limited to sedentary tasks could perform the houseman/cleaner position conflicts with the DOT. The R&R notes it is unclear whether the ALJ misspoke or whether a mistake occurred in the transcription.[7] Regardless, the ALJ was in the best position to correct the error in the hearing transcript, and the failure to do so resulted in a conflict unresolved by the Commissioner. Given that unresolved conflict and the other inconsistencies between the RFC and the hypothetical, the Court is unable to determine whether substantial evidence supports the ALJ's step four finding, warranting remand.

B.  **Medical Opinion of Dr. Gorman**

The Magistrate Judge found the ALJ committed reversible error in failing to mention or state the weight assigned to the opinions of consultative psychologist Kelly Gorman, Psy.D. Doc. 28 at 11. The Commissioner responds that any error in the ALJ's failure to consider the opinions

---

[7] The error in the testimony or the transcript can be analogized to cases in which portions of the hearing transcript are missing or inaudible. *See*, *e.g*., *Ruybal v. Saul*, No. 8:18-CV-2273-T-SPF, 2020 WL 1502865, at *4 (M.D. Fla. Mar. 30, 2020) (remanding because substantial evidence did not support ALJ's step four finding where ALJ relied on VE testimony but the transcript did not include the VE's testimony); *Edwards v. Astrue*, No. 09-2120-CM-GBC, 2010 WL 2787847, at *4 (D. Kan. June 30, 2010) (recommending remand because the portion of hearing transcript of VE testimony related to steps four and five was missing) *report and recommendation adopted*, 2010 WL 2787833 (D. Kan. July 15, 2010); *Bailey v. Heckler*, 576 F. Supp. 621, 624 (D. D.C. 1984) (remanding where record was incomplete on a dispositive factual issue because there was an inadequate basis on which the court could review the ALJ's decision).

of Dr. Gorman is harmless because Dr. Gorman's opinions lacked sufficient detail to translate into functional limitations.

Plaintiff saw Dr. Gorman on May 29, 2015. R. 1195. An in-person examination was conducted. R. 1202. Dr. Gorman noted Plaintiff was highly anxious, pacing, with shaking hands. R. 1201. Plaintiff asked Dr. Gorman if he was going to hurt him. *Id.* Dr. Gorman opined that Plaintiff has bipolar disorder and ADHD by history. R. 1195–96. Dr. Gorman opined Plaintiff experienced occasional and social impairment with reduced reliability and productivity. R. 1197. Dr. Gorman diagnosed Plaintiff with depressed mood, anxiety, suspiciousness, chronic sleep impairment, mild memory loss, circumstantial or stereotyped speech, difficulty in understanding complex commands, impaired abstract thinking, disturbances of motivation and mood, difficulty in maintaining effective work and social relationships, difficulty in adapting to stressful circumstances including work or work-like setting, suicidal ideation, and impaired impulse control. R. 1200. In his decision, the ALJ does not mention or weigh Dr. Gorman's opinions, but only notes that Dr. Gorman determined that Plaintiff's bipolar disorder was not aggravated by basic training. R. 26.

In considering whether a claimant is disabled, an ALJ shall consider all medical opinions in a claimant's case record together with the rest of the relevant evidence received. 20 C.F.R. § 404.1527(b).[8] In so doing, the ALJ is tasked with evaluating every medical opinion received regardless of its source." 20 C.F.R. § 404.1527(c). In this Circuit, "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (citing *Sharfarz v. Bowen*, 825 F.2d

---

[8] For claims filed before March 27, 2017, the rules in section 404.1527 apply. *See* 20 C.F.R. § 404.1527.

278, 279 (11th Cir. 1987) (per curiam)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). When the ALJ fails to "state with at least some measure of clarity the grounds for his decision," the Eleventh Circuit will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). "Even if it is possible that the ALJ considered and rejected [Dr. Gorman's] medical opinions, 'without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.'" *Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 765 (11th Cir. 2014) (quoting *Winschel*, 631 F.3d at 1179)). The ALJ's failure to mention or state the weight assigned to Dr. Gorman's opinions is reversible error.

      **C.    Step Two Finding and the Medical Opinion of Dr. Hirshorn**

The Commissioner contends that remand is not warranted for further step-two findings. Doc. 29 at 8–9. The Court agrees. Plaintiff does not respond to the Commissioner's argument on this issue. At step two, the ALJ determined that Plaintiff had severe impairments consisting of bipolar disorder, unspecified personality disorder, and ADHD. R. 21.

The finding of any severe impairment, whether it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy step two. *Jamison v. Bowen*, 814 F.2d at 585, 588 (11th Cir. 1987); *see Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 892 (11th Cir. 2013) (per curiam) ("[T]he ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied"); *Gray v. Comm'r of Soc. Sec.*, 550 F. App'x 850, 852 (11th Cir. 2013) (claim advances to step three if any impairment or combination of impairments qualifies as "severe" at step two); *Heatly v.*

*Comm'r of Soc. Sec.*, 382 F. App'x 823, 824–25 (11th Cir. 2010) (per curiam) (noting that an ALJ's failure to identify an impairment as severe, where the ALJ found that the plaintiff suffered from at least one severe impairment, constituted harmless error and was, in fact, sufficient to meet the requirements of step two, and additionally noting that nothing requires the ALJ to identify, at step two, all of the impairments that could be considered severe); *see also Tuggerson–Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951–52 (11th Cir. 2014); *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 857 (11th Cir. 2013). The ALJ found that Plaintiff had at least some severe impairments and continued the sequential evaluation process considering Plaintiff's bipolar disorder, unspecified personality disorder, and ADHD. For these reasons, the Court finds no error in the ALJ's step two finding.

The Magistrate Judge additionally recommended the ALJ reconsider the medical opinion of Dr. Hirshorn that Plaintiff suffered from the severe impairment of fractures of the lower limb. Doc. 28 at 12. In discussing the opinions of Dr. Hirshorn, the ALJ states:

> Steven Hirshorn, M.D., the state agency medical consultant, determined that the claimant is capable of performing at the medium exertional level. The [ALJ] afforded this opinion little weight since the claimant's only treatment is chiropractic adjustments, at which appointments the claimant exhibits minimal, if any, limitations. Furthermore, there is no imaging of record to support the claimant's allegations and the claimant has reported significant leisure and work activities.

R. 22 (citations omitted). Thus, the ALJ stated the weight given to Dr. Hirshorn's opinions and articulated the reasons for not fully crediting the doctor's opinions. Although he does not specifically mention Dr. Hirshorn's opinion that Plaintiff's lower limb impairment was severe, it is clear from the decision that the ALJ considered it. The decision acknowledges Plaintiff's report of a metal plate in his thigh but goes on to state that Plaintiff reports being in good overall physical

13

health and notes that at the hearing, he did not testify as to ongoing physical concerns. R. 21. Substantial evidence supports the ALJ's handling of Dr. Hirshorn's opinions.

## IV. CONCLUSION

After careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent *de novo* examination of the file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects, except as noted above.

Accordingly, it is **ORDERED AND ADJUDGED**:

1. The Commissioner's Objections to the United States Magistrate Judge's Report and Recommendation (Doc. 29) are **overruled**, except with regard to the ALJ's step two finding and Dr. Hirshorn's opinion.

2. The Report and Recommendation of the Magistrate Judge (Doc. 28) is **adopted, confirmed, and approved** in all respects, except as otherwise noted in this Order and is made a part of this Order for all purposes, including appellate review.

3. The decision of the Commissioner of Social Security is **REVERSED** and **REMANDED** for further proceedings before the Commissioner.

4. The Clerk is directed to enter judgment in favor of the Plaintiff and, thereafter, to **close** this case.

**DONE AND ORDERED** in Tampa, Florida on September 22, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any